UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY SCOTT BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1616 RLW |
| | ) |
| BANK OF AMERICA, N.A., AS | ) |
| SUCCESSOR BY MERGER TO | ) |
| BAC HOME LOANS SERVICING, L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P.'s Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (ECF No. 25). The motion is fully briefed and ready for disposition.

### I. Background

Plaintiff Roy Scott Bryan originally filed this action in state court on March 7, 2017, alleging wrongful foreclosure; violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.101; a claim for quiet title; and slander of title. The Petition named Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P. ("BANA"), Jay Scott Hoskins, and Kimberly Ann Hoskins (collectively "Hoskins") as Defendants. After Plaintiff dismissed the Hoskins, BANA removed the Petition to federal court based on diversity jurisdiction on June 2, 2017. (ECF No. 1) On July 14, 2017, Plaintiff Bryan filed a First Amended Complaint in Wrongful Foreclosure, alleging that Defendant BANA foreclosed on his property at 628 Yeddo Avenue, St. Louis, Missouri 63119 ("Property") even

though Plaintiff was not in default. (First Am. Compl. ["FAC"] ¶ 3, ECF No. 21) Plaintiff alleges that on July 1, 2011, he entered into a HAMP modification, commonly referred to as a "Making Home Affordable Program Request for Modification and Affidavit" and tendered a payment of $3,471.00. (*Id.* at ¶ 5) According to Plaintiff, he submitted multiple HAMP applications but Defendant refused to accept any subsequent payments. (*Id.*) Plaintiff contends that BANA assured him that the ownership status of his home was not in jeopardy while his HAMP application was being evaluated. (*Id.* at ¶ 7) However, on March 12, 2012, Plaintiff's home at 628 Yeddo Avenue was foreclosed. (*Id.* at ¶ 8) Plaintiff claims that the foreclosure of the Property was wrongful because BANA was precluded from foreclosing on the property while the HAMP application was being evaluated; BANA was to provide a permanent loan modification because Plaintiff completed the Trial Period Plan and made payments; foreclosure was not an event that could terminate the HAMP application evaluation and instead could only take place after the application was denied; and Plaintiff was not in default because he tendered mortgage payments. (*Id.* at ¶ 12) Plaintiff further claims that no recorded power of attorney exists such that the foreclosure was wrongful. (*Id.* at ¶¶ 13-19) Plaintiff alleges that he has been damaged in loss of equity, loss of his home music studio, loss of title, credit damage, embarrassment, trauma, and attorney's fees. (*Id.* at ¶ 21) He seeks a court order declaring the foreclosure sale to be void and awarding damages. Plaintiff also asserts a claim for violation of the Missouri Merchandising Practices Act ("MMPA") based on his purchase of an initial extension of credit and bundle of related services under the Note and Deed of Trust and the alleged wrongful foreclosure on the Property. (*Id.* at ¶¶ 22-26)

On August 7, 2017, Defendant BANA filed a Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. Defendant asserts that Plaintiff is unable to

plead and prove that he was not in default at the time of the foreclosure.[1] Further, Defendant contends that the HAMP modification negotiations cannot form the basis of Plaintiff's MMPA claim because they were not in connection with the sale of any merchandise in trade or commerce. In addition, Defendant asserts that Plaintiff is unable to show an ascertainable loss that is the result of an alleged MMPA violation.

## **II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding*

---

[1] Defendant BANA has attached the Deed of Trust and the foreclosure documents as exhibits to the motion to dismiss. Courts "may consider materials that necessarily are embraced by the pleadings or that are part of the public record and do not contradict the complaint." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (citation omitted). "For example, courts may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (internal quotation omitted)). As Plaintiff's Complaint references these documents, the Court finds they are necessarily embraced by the pleadings such that the Court may consider such materials.

3

*Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

Defendant BANA argues that Plaintiff's First Amended Complaint should be dismissed because the Complaint fails to state a claim for wrongful foreclosure either in equity or to recover tort damages. In addition, BANA contends that Plaintiff has failed to state a claim under the MMPA such that dismissal is warranted.

### A. Tort Action for Wrongful Foreclosure

First, BANA asserts that Plaintiff Bryan is unable to show that he is entitled to tort damages for wrongful foreclosure because he has failed to plead and prove that he was not in default at the time the foreclosure proceeding began. "The term 'wrongful foreclosure' has been used both in relation to suits in equity as a ground to set aside a sale and suits at law as a ground to recover tort damages." *Dobson v. Mortg. Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Under Missouri law, "what constitutes a 'wrongful foreclosure' sufficient to set aside a sale and what constitutes a 'wrongful foreclosure' sufficient to recover damages in tort are not the same." *Id.* "A wrongful foreclosure action seeking damages requires plaintiff to prove that he was not in default and, thus, there was no right to

4

foreclose on the property." *Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1037(8th Cir. 2014) (citing *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 572 (Mo. Ct. App. 2009)). "A plaintiff must 'plead and prove such compliance with the terms of the deed of trust as would avoid lawful foreclosure.'" *Dobson*, 259 S.W.3d at 22 (quoting *Spires v. Lawless*, 439 S.W.2d 65, 71 (Mo. Ct. App. 1973)).

Here, while Plaintiff baldly claims that he was not in default by virtue of the HAMP modification application, he fails to allege that he was not in default under the terms of the Note and Deed of Trust or that he was current on his mortgage payments at the time of the foreclosure sale. *See Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 932 (E.D. Mo. 2014) ("Here, plaintiff's Petition does not state a claim for the tort of wrongful foreclosure, because he does not allege that the mortgage was not in default or that his compliance with the terms of the deed of trust was sufficient to avoid a lawful foreclosure when the foreclosure proceedings began."); *White v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2094 CAS, 2011 WL 1483901, at *9 (E.D. Mo. Apr. 19, 2011) ("[P]laintiffs do not allege in their petition that their mortgage was not in default when the foreclosure proceeding began. Accordingly, plaintiffs fail to state a claim for a tort action for damages for wrongful [foreclosure]."). Thus, the Court finds that to the extent Count I of the First Amended Complaint alleges a claim to recover tort damages for wrongful foreclosure, Plaintiff fails to state a claim, and the claim will be dismissed.

### B. Equitable Action for Wrongful Foreclosure

With respect to wrongful foreclosure in equity, "'[i]f the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside.'" *Berrigner v. JPMorgan Chase Bank, N.A.*, 16 F. Supp. 3d 1044, 1049 (E.D. Mo. 2014) (quoting *Dobson*, 259 S.W.3d at 22). "'A mortgagor [ ] can invoke the aid of equity

5

to set aside a foreclosure sale only if fraud, unfair dealing or mistake was involved in the trustee's sale.'" *Ice v. IB Prop. Holdings, LLC*, No. 09-3232-CV-S GAF, 2010 WL 1936175, at *3 (W.D. Mo. May 13, 2010) (quoting *Am. First Fed., Inc. v. Battlefield Ctr., L.P.*, 282 S.W.3d 1, 8-9 (Mo. Ct. App. 2009)).

In this case, Defendant BANA contends that Plaintiff has failed to allege that he will pay on the loan, thus the foreclosure was not wrongful. Review of case law from this district, however, requires only that a plaintiff sufficiently allege the foreclosure sales were void or voidable. *See Berringer*, 16 F. Supp. 3d at 1050. Here, Plaintiff claims that the foreclosure of the Property was void because BANA was precluded from foreclosing while the HAMP application was being evaluated.[2] Further, Plaintiff has attached to his First Amended Complaint an Affidavit from Christopher Dickey, a loan administrative manager who assisted Plaintiff with his HAMP modification. (Dickey Aff., ECF No. 21-1) Mr. Dickey contends that no more than 10 days prior to the foreclosure, Defendant assured Plaintiff that his house was not in foreclosure. (*Id.* at ¶ 18) In addition, Plaintiff avers that his request for a HAMP loan modification was ultimately denied on the basis that the property had been sold through a foreclosure sale. (Pl.'s Ex. 5, ECF No. 21-2 p. 7) At this stage of the litigation, the Court finds that Plaintiff's allegation that the foreclosure sale was void because Plaintiff was led to believe that his home would not be foreclosed during the HAMP evaluation process are sufficient to

---

[2] Attached to Plaintiff's First Amended Complaint is a copy of Frequently Asked Questions pertaining to the HAMP program. The form states, "[i]f your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for the Home Affordable Modification Program. However, no foreclosure sale will be conducted and you will not lose your home during the Home Affordable Modification Program evaluation." (Pl.'s Ex. 3, ECF No. 21-2 p. 5)

6

allege an equitable claim for wrongful disclosure.[3] *See Luckett v. Wells Fargo Bank, N.A.*, No. 4:14-CV-93 RLW, 2014 WL 5489300, at *5 (E.D. Mo. Oct. 30, 2014) (finding plaintiffs sufficiently alleged a claim for wrongful disclosure where, based on a letter from the bank, average consumers could have believed that they did not need to make loan payments while repairing their home).

### C. Claim under the Missouri Merchandising Practices Act

In Count II, Plaintiff Bryan alleges that Defendant violated the Missouri Merchandising Practices Act ("MMPA"). Specifically, Plaintiff maintains that he purchased merchandise, namely an extension of credit and the continuing bundle of services under the Note and Deed of Trust. (FAC ¶ 23(a)) Plaintiff maintains that the Note and Deed of Trust were for personal and family use, and BANA's conduct was "wrongful, unfair, and deceptive, and in violation of the duties . . . which arose out of the original loan and Deed of Trust for 628 Yeddo Avenue." (*Id.* at ¶¶ 23(b), 24) Defendant argues that Plaintiff's MMPA claim should be dismissed for failure to state a claim because he has failed to plead sufficient facts to recover under the MMPA.

The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1. "To state a claim under the MMPA, Plaintiff must show that (1) [he] purchased the merchandise in question; (2) [he]

---

[3] Plaintiff also alleges that the foreclosure was void because Millsap & Singer, PC had no right to act as successor Trustee. (FAC ¶¶ 19, 20) Defendant maintains that the foreclosure documents refute Plaintiff's allegations. Because the Court finds that Plaintiff may proceed on his equitable claim for wrongful disclosure, the Court declines to address the additional arguments made by Defendant in support of its motion to dismiss. *M & K Rest. LLC v. Farmers Ins. Co., Inc.*, 29 F. Supp. 3d 1204, 1230 (E.D. Ark. 2014).

7

purchased the merchandise for personal, family, or household use; (3) [he] suffered an ascertainable loss; and (4) the ascertainable loss was the result of an unfair practice." *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011–12 (E.D. Mo. 2014) (citations omitted). "To satisfy the fourth element, the plaintiff is required 'to allege facts establishing that defendants used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the lease' or purchase of the product." *Snelling v. HSBC Card Servs., Inc.*, No. 4:14CV431 CDP, 2015 WL 457949, at *9 (E.D. Mo. Feb. 3, 2015) (quoting *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 1194, 197-98 (Mo. Ct. App. 2009)).

Defendant argues that because the MMPA sounds in fraud, it triggers the heightened pleading requirements of Rule 9(b). Defendant BANA asserts that Plaintiff's vague and conclusory allegations are insufficient to establish that BANA used, *inter alia*, deception, fraud, or misrepresentation in connection with the HAMP modification application or the Deed of Trust. Defendant further argues that Plaintiff is unable to plead facts showing a causal connection between an ascertainable loss and a specific MMPA violation. In his response, Plaintiff does not address the heightened pleading standard for fraud under Rule 9(b) but insists that he has stated a claim under the MMPA because the foreclosure was in connection with the sale of the loan, which resulted from Defendant BANA's fraudulent acts.

The Supreme Court of Missouri has construed the term "'in connection'" under the MMPA to broadly mean "'to have a relationship.'" *Snelling*, 2015 WL 457949, at *10 (quoting *Conway*, 438 S.W.3d at 414). The MMPA "prohibits the use of the enumerated deceptive practices if there is a relationship between the sale of the merchandise and the alleged unlawful action. According to the statute, the unlawful action may occur at any time before, during or

8

after the sale and by any person." *Conway*, 438 S.W.3d at 414. The Court finds that, at this stage of the litigation, Plaintiff may be able to maintain an action against Defendant under the MMPA based upon the original loan and the foreclosure. *See Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 415 (Mo. 2014) ("A loan is composed of both the initial extension of credit and the bundle of related services. . . . A party's right to collect a loan is part of that sale and is, therefore, 'in connection with' the loan."); *Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836, 843 (Mo. Ct. App. 2015) (stating that losing a home to foreclosure may be an ascertainable loss that is the basis for an MMPA claim but finding at the summary judgment stage the undisputed material facts showed that defendant's alleged MMPA violations did not cause the loss).

However, the Court also finds that Plaintiff has failed to state his MMPA claim consistent with the heightened pleading standard required by Rule 9(b). "Allegations of fraud or mistake under the MMPA must meet the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P." *Myers v. Sander*, No. 4:13CV2192 CDP, 2014 WL 409081, at *6 (E.D. Mo. Feb. 3, 2014) (citation omitted). Under this heightened pleading requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Mattingly v. Medtronic, Inc.* 466 F. Supp. 2d 1170, 1174 (E.D. Mo. 2006) (citations omitted). "Simply put, the complaint must plead the who, what, where, when, and how of the fraud." *Myers*, 2014 WL 409081, at *7 (citation omitted).

Plaintiff's First Amended Complaint does not provide the requisite detailed information regarding Defendant's allegedly fraudulent acts but instead refers to BANA "declaring Plaintiff in default," "publishing that Plaintiff was in default," and "wrongfully foreclosing on Plaintiff's properties." (FAC ¶ 24) However, instead of dismissing the claim, the Court will construe

9

Defendant's motion to dismiss the MMPA count as one for a motion for more definite statement and allow Plaintiff time to amend Count II of the First Amended Complaint. *See Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381, at *3-*4 (E.D. Mo. Feb. 18, 2014) (construing the motions to dismiss claims under the MMPA as motions for more definite statement and granting plaintiff time to file an amended complaint to bring MMPA claims into conformity with Rule 9(b) heightened pleading requirements); *see also Snelling*, 2015 WL 457949, at *11 (granting plaintiff leave to amend the complaint for the limited purpose of bringing his MMPA claim into conformity with the heightened pleading requirements of rule 9(b)). As such, the Court will construe Defendant's motion to dismiss as a motion for more definite statement with respect to Count II and will allow Plaintiff twenty (20) days to file an amended complaint with an MMPA claim that conforms to Rule 9(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P.'s Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (ECF No. 25) is **GRANTED** as to the tort damages claim for wrongful disclosure in Count I and **DENIED** as to the equitable claim for wrongful disclosure in Count I.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count II, construed as a Motion for More Definite Statement, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days from the date of this Memorandum and Order to amend his First Amended Complaint in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (ECF No. 8) is **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave of court to Request Order Referring Case to Alternate Dispute Resolution (ECF No. 32) is **DENIED.** The parties are free to suggest an early mediation date in their Joint Scheduling Plan when the Court sets a Rule 16 conference.

Dated this 18th day of January, 2018.

*Ronnie L. White*
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**