UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY SCOTT BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1616 RLW |
| | ) |
| BANK OF AMERICA, N.A., AS | ) |
| SUCCESSOR BY MERGER TO | ) |
| BAC HOME LOANS SERVICING, L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave of Court to File Second Amended Complaint. (ECF No. 35) Defendant Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P., opposes the motion. Upon review of the motion and related memoranda, the Court will grant Plaintiff's motion.

The Court set forth the background of this case in its Memorandum and Order of January 18, 2018. (ECF No. 34 pp. 1-3) Those facts are incorporated herein. In granting, in part, and denying, in part, Defendant's motion to dismiss, the Court ordered the Plaintiff to amend his First Amended Complaint to state detailed information regarding Defendant's allegedly fraudulent acts in support of Plaintiff's MMPA claim. (ECF No. 34 pp. 7-10) Plaintiff then filed a motion for leave to file a second amended complaint, seeking to add supplementary facts in support of his claim for wrongful foreclosure and a new claim to quiet title against Defendant and the current title holders of record, Jay Scott and Kimberly Ann Hoskins (collectively "Hoskins"). Defendant opposes the motion, asserting that the Court should deny Plaintiff's

motion for leave to amend because such amendment would be futile and prejudicial to Defendant.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within 21 days after serving the pleading or, in all other cases, with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Here, Plaintiff contends that his Second Amended Complaint complies with the Court's order by pleading only an equitable claim for wrongful foreclosure but adds facts in support of his claim with respect to the publication of notice. Plaintiff also asserts that his MMPA claim now contains sufficient details under the heightened pleading standard. Finally, Plaintiff states that a quiet title claim against the Hoskins is appropriate. Defendant, on the other hand, asserts that the proposed amended complaint could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

The Court finds that leave to file a Second Amended Complaint is warranted. Defendant elected to file a motion to dismiss in lieu of an Answer. Therefore, the Court has not yet held a Rule 16 conference or entered a Case Management Order with discovery deadlines pursuant to

Fed. R. Civ. P. 16. Allowing Plaintiff file an amended complaint would not prejudice Defendant.

However, Defendant also argues that the Court should deny Plaintiff's motion to amend because such amendment is futile. "The standard for dismissing a motion to amend because of futility is stringent. '[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses. Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous.'" *Coller v. Doucette*, No. 4:09CV780 AGF, 2010 WL 319652, at *1 (E.D. Mo. Jan. 20, 2010) (quoting *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255–56 (8th Cir. 1994)). Here, the Court finds that at the early stages of litigation, Plaintiff alleges facts that could support a claim for equitable wrongful foreclosure, violation of the MMPA, and quiet title. *Id.*

Defendant also argues that the Court should deny Plaintiff's motion to amend because he seeks to add non-diverse defendants. "When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307–08 (8th Cir. 2009) (quoting 28 U.S.C. § 1447(e)). "In determining whether to permit the amendment, the Court considers the following factors: '1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed.'" *Johnson v. Travelers Home & Marine Ins. Co.*, No. 4:10CV520 JCH, 2010 WL 1945575, at *1 (E.D. Mo. May 12, 2010) (quoting *Bailey*, 563 F.3d at 309 (internal quotations and citations omitted)).

The Court acknowledges that Plaintiff knew of the Hoskins at the time of filing the state court petition and later voluntarily dismissed them as a party, leading to removal. However, in addressing Defendant's motion to dismiss, the Court denied the motion with respect to the equitable wrongful foreclosure claim. (ECF No. 34, pp. 5-7) According to Plaintiff, the quiet title action is now necessary in light of the Court's ruling that Plaintiff has stated an equitable claim for wrongful foreclosure and may seek to void the sale of the property. While adding a previously known non-diverse defendant after the case is removed strongly indicates a purpose to defeat federal jurisdiction, the Court does not find such improper motive in this case. *See Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-CV-36 CDP, 2010 WL 2978085, at *2 (E.D. Mo. July 23, 2010) (addressing facts that tended to show improper motive). Further, the Court finds that Plaintiff could be injured if unable to fully pursue the recovery of his property.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No. 35) is **GRANTED**. The Clerk of the Court shall file Attachment 1 to the motion (ECF No. 35-1) as Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an appropriate motion to remand no later than May 1, 2018.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave of Court to File Additional Memorandum (ECF No. 42) is **DENIED** as **MOOT**.

Dated this 25th day of April, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**